UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> PRECIOUS REED, <br><br> Defendant. | Case No. CR04-128-MJP <br><br> **PROPOSED FINDINGS OF FACT AND DETERMINATION AS TO ALLEGED VIOLATIONS OF SUPERVISED RELEASE** |

## INTRODUCTION

I conducted a hearing on alleged violations of supervised release in this case on August 25, 2008. The defendant appeared pursuant to an arrest warrant. The United States was represented by Tate London, and defendant was represented by Lee Covell. Also present was U.S. Probation Officer Jennifer Tien. The proceedings were digitally recorded.

## CONVICTION AND SENTENCE

Defendant was sentenced on February 15, 2005 by the Honorable Marsha J. Pechman, for conspiracy to make, utter and possess counterfeit securities. He received 90 days of imprisonment and three years of supervised release.

## PRIOR VIOLATIONS OR MODIFICATIONS

On July 19, 2005, defendant commenced his term of supervised release. On December 19, 2006, the court modified defendant's conditions of supervised release to require him to participate
PROPOSED FINDINGS OF FACT AND
DETERMINATION AS TO VIOLATIONS OF
SUPERVISED RELEASE -1

in a residential reentry center or comprehensive sanctions center for up to 180 days. The modification was ordered because defendant failed to complete 180 days of home confinement with electronic monitoring, and because defendant was arrested for harassment and malicious mischief.

On August 6, 2008, the court revoked defendant's term of supervised release and ordered four days of custody, and six months of supervised release. The court revoked the defendant's supervision because defendant was convicted for attempting to possess cocaine and consuming cocaine. As a special condition, the court ordered defendant to participate in a residential reentry center for 90 days. The court also ordered that if defendant was employed for 30 days or completed 90 days at a residential reentry center, the court would terminate his supervision early.

## PRESENTLY ALLEGED VIOLATIONS AND DEFENDANT'S ADMISSION OF THE VIOLATIONS

In a petition dated August 21, 2008, Supervising U.S. Probation Officer Jonathan M. Ishii alleged that defendant violated the following conditions of supervised release:

1. Associating with a person engaged in criminal activity, and associating with a person convicted of a felony without the permission of the probation officer, on or about August 18, 2008, in violation of standard condition nine.

2. Failing to satisfactorily participate in home confinement with electronic monitoring in violation of the special condition of supervised release.

3. Failing to follow the instructions of the probation officer on August 18, 2008, in violation of condition three.

4. Committing the crime of driving while license suspended, on or about August 18, 2008, in violation of the general condition to not commit another crime.

PROPOSED FINDINGS OF FACT AND
DETERMINATION AS TO VIOLATIONS OF
SUPERVISED RELEASE -2

Defendant denied violations 1, 2 and 4. Defendant admitted violation 3. At defendant's request, an evidentiary hearing before a magistrate judge was set for September 9, 2008. The court denied defendant's released pending disposition in this case and defendant was ordered detained.

## RECOMMENDED FINDINGS AND CONCLUSIONS

Based upon the foregoing, I recommend the court find that defendant has violated condition 3 of his supervised release as alleged above.

DATED this 25st day of August, 2008.

/s/ BRIAN A. TSUCHIDA
BRIAN A. TSUCHIDA
United States Magistrate Judge

PROPOSED FINDINGS OF FACT AND
DETERMINATION AS TO VIOLATIONS OF
SUPERVISED RELEASE -3